FILED
United States Court of Appeals
Tenth Circuit

May 6, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ELOUISE JAMES,

      Plaintiff-Appellant,

v.

JOHN McHUGH, Secretary of the Army;
U.S. DEPARTMENT OF THE ARMY,

      Respondents-Appellees.

No. 13-6283
(D.C. No. 5:13-CV-00315-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **PORFILIO** and **O'BRIEN**, Circuit Judges.

Elouise James appeals the district court's grant of summary judgment in favor of

her employer on her claims of employment discrimination. The court held that

Ms. James had failed to timely exhaust her administrative remedies because she did not

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

file her formal complaint with her employing agency within the time prescribed by the applicable regulation. We affirm.

## I.      Background

The underlying operative facts are not in dispute. Claiming her employer, the U.S. Department of the Army, had discriminated against her on the basis of race and age, Ms. James initiated contact with a Counselor in the Army's Equal Employment Opportunity Office (EEOO). On November 30, 2012, she received a Notice of Right to File a Formal Complaint of Discrimination after Completion of Traditional EEO Counseling. The notice advised her of her "right to file a formal complaint of discrimination within 15 calendar days of receipt of this notice." Aplt. App. at 32. Fifteen days from the day she received the Notice was December 15, 2012, which was a Saturday, so she had until the following Monday, December 17, 2012. *See* 29 C.F.R. § 1614.604(d) (stating if a deadline falls on a weekend or holiday, it shall be extended to the next business day). She did not file her formal complaint until December 28, 2012, eleven days after the deadline. Consequently, on January 8, 2013, the EEOO issued a decision dismissing her formal complaint because it was untimely. On April 3, 2013, Ms. James filed the underlying lawsuit in federal district court, which entered summary judgment in favor of defendants because Ms. James had not timely exhausted her administrative remedies.

## II.    Discussion

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the non-moving party. *Apsley v. Boeing Co.*, 691 F.3d 1184, 1194 (10th Cir. 2012). The timely filing of an administrative complaint is a prerequisite to a civil suit, although subject to waiver, estoppel and equitable tolling. *See Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1174-75 (10th Cir. 1998) (discussing time limit for filing claim with Equal Employment Opportunity Commission); *see also* 29 C.F.R. § 1614.604(c) (providing the time limits applicable to the subject regulations "are subject to waiver, estoppel and equitable tolling"). Ms. James does not claim entitlement to waiver, estoppel, or equitable tolling.

In reading Ms. James' appellate briefing, it appears she misses the point of the district court's ruling. She is correct that the EEOO decision to dismiss her formal complaint authorized her to file suit if she did so within ninety days of the date of the notice. There is no dispute that she filed suit within those ninety days. But it is not the timing of that filing that results in dismissal of her claims, but rather her untimely filing of her formal complaint *with the Army*, as required by 29 C.F.R. § 1614.107(a)(2). In relevant part, that section states: "Prior to a request for a hearing in a case, the agency shall dismiss an entire complaint . . . [t]hat fails to comply with the applicable time limits contained in [29 C.F.R.] § 1614.106." Section 1614.106(b) requires "[a] complaint [to be] filed within 15 days of receipt of the notice required by § 1614.105(d), (e) or (f)." It is undisputed that Ms. James received the notice issued under § 1614.105(d) on November 30, 2012. She did not file her formal complaint with the Army within fifteen

- 3 -

days thereafter, by December 17, 2012. Consequently, she failed to timely exhaust her administrative remedies and the district court properly granted summary judgment to the defendants.

Ms. James' remaining appellate arguments are also unavailing. Although she points out that in the summary judgment context, all inferences and disputes of material fact must be resolved in her favor, she has identified no disputed facts or inferences from which she could benefit. Her general claims that allowing her to disregard the timely-exhaustion requirement would serve the purposes of the anti-discrimination laws are contrary to established circuit authority, *see, e.g., Beaird*, 145 F.3d at 1174-75, and Supreme Court precedent, *see Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 833 (1976) (noting that when Congress authorized federal employees to sue the federal government for violation of the civil rights laws, it conditioned such authorization on the plaintiff's satisfaction of "rigorous administrative exhaustion requirements and time limitations").

## III. Conclusion

The judgment of the district court is affirmed.

Entered for the Court

Mary Beck Briscoe
Chief Judge

- 4 -